UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                     )
                                           )        Chapter 7
MARC A. BROWN,                             )        Case No. 16-18164
                                           )        Hon. Jacqueline P. Cox
                                           )        Hearing Date:  Thurs., June 29, 2017
                         Debtor.           )                 @ 9:30 a.m.

## NOTICE OF MOTION

To:     See Attached Service List

         **PLEASE TAKE NOTICE** that on **Thursday, June 29, 2017** at **9:30 a.m**., or as soon
thereafter as may be possible, we shall appear before the Honorable Jacqueline P. Cox or any
other Judge sitting in her stead, in **Courtroom 680**, of the Dirksen Federal Building, 219 South
Dearborn, in Chicago, Illinois, and shall then and there present the attached **Application of
Trustee's Attorneys for the Allowance of Compensation and Reimbursement of Expenses,** a
copy of which is hereby served upon you.


                                   /s/ Norman B. Newman
                                   Norman B. Newman, Trustee for the bankruptcy estate
                                   of Marc A. Brown


Norman B. Newman, ARDC No. 02045427
MUCH SHELIST, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: 312.521.2000
Facsimile:  312.521.2100

## CERTIFICATE OF SERVICE

         Norman B. Newman, an attorney, hereby certifies that on June 1, 2017, he electronically
filed this Application for Compensation with the Clerk of the Court via the Court's CM/ECF
system which will send electronic notification to those individual registered to receive notice.

                                   /s/Norman B. Newman

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                              )
                                    )        Chapter 7
MARC A. BROWN,                      )        Case No. 16-18164
                                    )        Hon. Jacqueline P. Cox
                                    )        Hearing Date:  Thursday, June 29, 2017
                    Debtor.         )                  at 9:30 a.m.

**APPLICATION OF TRUSTEE'S ATTORNEYS FOR THE ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Much Shelist, P.C. ("Much Shelist"), attorneys for Norman B. Newman, not individually but solely as the Chapter 7 Trustee herein, (the "Trustee") moves this Court, pursuant to Section 330 of the Bankruptcy Code and Bankruptcy Rule 2016, for the allowance of final compensation and reimbursement of expenses for services rendered during the period July 7, 2016 through April 26, 2017.  In support of this application, Much Shelist states as follows:

1.      On May 31, 2016, the Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code.

2.      On July 19, 2016, this Court entered an Order authorizing the Trustee to employ Much Shelist as his attorneys in this case.  This application includes legal services rendered by the Trustee.  Mr. Newman has taken care to distinguish his legal services from his Trustee services.  Attached hereto as Exhibit "A" is an itemization of Mr. Newman's Trustee services.

3.      Other than as permitted under Section 504 of the Bankruptcy Code, Much Shelist has no agreement with any person or firm whatsoever with regard to its compensation in this case.  To date, Much Shelist has not received any compensation for services rendered as attorneys for the Trustee.  Much Shelist is not seeking compensation for the services identified

on Exhibit "A" as part of this Application.  Mr. Newman is filing a separate Application for

Trustee Compensation.

4       Much Shelist is entitled to receive final compensation in the amount of

$6,284.50 plus reimbursement of expenses in the amount of $247.20 for services

rendered during the period of July 7, 2016 through April 26, 2017.

5.      Much Shelist provided 10.50 hours of services on behalf of the Trustee

during the time period covered by this application.

6.      The following is a summary of time expended, by individual, during the

time period covered by this application.  The summary below references their rates

during the applicable time period.

| Attorney | Hours Expended | Hourly Rate | Amount |
|---|---|---|---|
| Norman B. Newman | 2.40 hrs. | $640.00/hr. (1/1/16-12/31/16) | $1,536.00 |
| Norman B. Newman | 1.50 hrs. | $655.00/hr. (1/1/17 to Present) | 982.50 |
| Jeffrey M. Schwartz | 4.40 hrs. | $585.00/hr. (1/1/16–12/31/16) | 2,574.00 |
| Jeffrey M. Schwartz | 1.40 hrs. | $600.00/hr. (1/1/17 to Present) | 840.00 |
| Jeffrey L. Gansberg | .80 hrs. | $440.00/hr. (1/1/16-12/31/16) | 352.00 |
|  |  |  |  |
| **TOTAL** | **10.50 hrs.** |  | **$6,284.50** |

7.      Attached hereto as Exhibit "B" is a statement of legal services rendered.  The

services are listed chronologically and are separated by activity.  The services were rendered in

connection with and in furtherance of assisting the Trustee in the performance of his duties as

delineated by §704 of the Bankruptcy Code.  This application complies with the standards

enunciated in *In re Continental Securities Litigation*, 572 F. Supp. 931 (N.D. Ill. 1983) modified

692 F.2d 766 (7th Cir. 1992).

8.      At all times relevant hereto, Much Shelist provided legal services in the most

efficient and cost effective manner.  Much Shelist's goal was to obtain a positive resolution of the

matter at hand, while in the process minimizing the costs to the estate.  As more fully detailed in

2

the statement of services attached hereto as Exhibit "B", Much Shelist provided services with respect to the following matters:

**A.**      **Retention of Professionals (Tab No. 1):**  A total of 4.50 hours of time was expended by Much Shelist on the preparation of pleadings and related documents on the followings motions:  the Trustee's Motion to Employ Attorneys, the Trustee's Motion to Employ PPL Group, LLC as his auctioneers and the Motion to Employ Accountant.   Counsel engaged in telephonic communications with the auctioneers pertaining to its commission agreement and obtaining title and insurance for the SeaRay Sundance boat and trailer.

The individuals who provided services in connection with this matter and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | 1.10 hrs. | $640.00/hr. | $704.00 |
| Norman B. Newman | .20 hrs. | $655.00/hr. | 131.00 |
| Jeffrey M. Schwartz | 1.80 hrs. | $585.00/hr. | 1,053.00 |
| Jeffrey M. Schwartz | 1.40 hrs. | $600.00/hr. | 840.00 |
| | | | |
| **TOTAL** | **4.50 hrs.** | | **$2,728.00** |

**B.**      **Disposition of Assets (Tab No. 2):**  A total of 4.70 hours of time was expended by Much Shelist pertaining to the disposition of assets. The initial Notice to Creditors advising of the Debtor's filing of the case indicated that it appeared that there were "No Assets" available. After examining the Debtor at the scheduled Section 341 meeting, the Trustee determined that there might be assets available to pay creditors' claims.

According to the Debtor's Schedule A-Real Property, the Debtor held an interest in seven parcels of real estate (the "Real Estate"), each with mortgages and/or liens in the aggregate amount of $1.6 million.  Because there is no equity in the Real Estate, counsel for the Trustee prepared and appeared in Court on a motion to abandon the Real Estate.

3

Additionally, the Debtor owned a Sea Ray Sundance 270 boat along with a Mercruiser engine and trailer (the "Boat"). The Trustee determined that there was non-exempt equity in the Boat which could be sold to generate funds for creditors. Counsel engaged in telephonic communications with Trustee's auctioneer for assistance with an on-line sale of the Boat. Time was spent reviewing and revising documentation pertaining to the auction agreement, commission agreement, titles and the final sale of the Boat. Time was also spent reviewing the final sales information and preparing the Trustee's Report of Sale and the filing of same. The Trustee netted $10,400.00 from the sale of the Boat.

The individuals who provided services in connection with the Disposition of Assets and the time expended by them are as follows:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Norman B. Newman | 1.30 hrs. | $640.00/hr. | $832.00 |
| Jeffrey L. Gansberg | .80 hrs. | $440.00/hr. | 352.00 |
| Jeffrey M. Schwartz | 2.60 hrs. | $585.00/hr. | 1,521.00 |
|  |  |  |  |
| **TOTAL** | **4.70 hrs.** |  | **$2,705.00** |

C.     **Tax Issues (Tab No 3.):** A total of .50 hours of time was spent by Norman B. Newman corresponding with the Trustee's accountant regarding tax consequences and preparing a letter to taxing authorities requesting a prompt determination of tax liability.

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Norman B. Newman | .50 hrs. | $655.00/hr. | $327.50 |
|  |  |  |  |
| **TOTAL** | **.50 hrs.** |  | **$327.50** |

D.     **Fee Matters (Tab No. 4):** A total of .80 hours of time was expended by Norman B. Newman on the preparation of this final fee application.

4

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Norman B. Newman | .80 hrs. | $655.00/hr. | $524.00 |
| | | | |
| **TOTAL** | **.80 hrs.** | | **$524.00** |

9.      During the time period covered by this Application, Much Shelist incurred out-of-pocket expenses in the amount of $247.20.  Attached hereto as Exhibit "C" is an itemization of Much Shelist's out-of-pocket expenses.  The charge for photocopies is 10¢ per page.  Facsimile charges are billed at the rate of $1.00 per page, incoming and outgoing.  Much Shelist asserts that these out-of-pocket expenses were reasonable and necessary expenses incurred in its representation of the Trustee.

10.      By reason of the foregoing, Much Shelist states that it is entitled to a final award of compensation and reimbursement of out-of-pocket expenses for services rendered to the Trustee in this matter.  Unfortunately, despite the fact that the Trustee filed a Report of Assets and notice was sent to creditors of an Order Fixing Time to File Proofs of Claims, no proofs of claim were filed.  The Debtor will receive any funds remaining after payment of awarded Chapter 7 administrative expenses.

**WHEREFORE**, Much Shelist, P.C. respectfully requests that this Court enter an Order as follows:

1.      Granting this Application and awarding Much Shelist final compensation in the amount of $6,284.50 plus reimbursement of out-of-pocket expenses in the amount of $247.20 for services rendered during the period July 7, 2016 through April 26, 2017.

2.      Authorizing the Trustee to pay Much Shelist the amount awarded forthwith as a Chapter 7 expense of administration of this estate; and

3.      Granting such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

**Much Shelist, P.C.**


 /s/ Norman B. Newman
**Norman B. Newman, Trustee**




Norman B. Newman (Atty. ID#02045427)
**MUCH SHELIST, P.C.**
191 N. Wacker Drive ,Suite 1800
Chicago, IL 60606
(312) 521-2000
nnewman@muchshelist.com

6

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| MARC A. BROWN, | ) | Case No. 16-18164 |
| | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL SERVICES

Name of Applicant:                                    Much Shelist, P.C.

Authorized to provide professional services to:     Norman B. Newman, Chapter 7 Trustee

Date of Order Authorizing Employment:                July 19, 2016

Period for which compensation is sought:             July 7, 2016 thru April 26, 2017

Amount of fees sought:                               $6,284.50

Amount of expense reimbursement sought:              $247.20

Retainer previously received:                        $0.00

This is a(n):          Interim Application __          Final Application X

Prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Ordered Withheld |
|---|---|---|---|---|
| | | | | |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00

Dated:  6/1/17                                    **MUCH SHELIST, P.C.**

                                                  By: /s/Norman B. Newman

7